The Honorable David H. Bludworth State Attorney Fifteenth Judicial Circuit of Florida Post Office Box 2905 West Palm Beach, Florida 33402
Dear Mr. Bludworth:
This is in response to your request for an opinion on substantially the following question:
 IS A STATE ATTORNEY AUTHORIZED TO PAY FROM APPROPRIATIONS OF HIS OFFICE THE DUES OF THE FLORIDA BAR FOR HIMSELF AND HIS ASSISTANT STATE ATTORNEYS ON CERTIFICATION BY THE STATE ATTORNEY THAT MEMBERSHIP IN THE FLORIDA BAR IS ESSENTIAL TO CARRY OUT THE STATUTORY DUTIES AND RESPONSIBILITIES OF THE OFFICE OF STATE ATTORNEY?
Your question arises in the context of s. 216.345, F.S., and prior opinions of my predecessors in the office of Attorney General. Section 216.345 provides in pertinent part as follows:
 (1) A state department, agency, bureau, commission, or other component of state government, upon approval by the agency head or the designated agent thereof, may utilize state funds for the purpose of paying dues for membership in a professional or other organization only when such membership is essential to the statutory duties and responsibilities of the state agency.
 (2) Upon certification by a professional or other organization that it does not accept institutional memberships, the agency may authorize the use of state funds for the payment of individual membership dues when such membership is essential to the statutory duties and responsibilities of the state agency by which the individual is employed. However, approval shall not be granted to pay membership dues for maintenance of an individual's professional or trade status in any association or organization, except in those instances where agency membership is necessary and purchase of an individual membership is more economical. (e.s.)
This office has consistently opined that state funds may not be utilized to pay dues of The Florida Bar for state officers and employees. Conclusions in the earlier opinions are based on questions as to the public purpose served thereby. For example, in AGO 58-15, one of my predecessors in office concluded as follows:
 It is my opinion that local bar associations and the Florida bar dues are private expenses, personal to the individual belonging to these organizations, and may not be considered an expense of a county judge. . . .
Another predecessor in office concluded in AGO 69-138 that
 . . . any public interest served by a state attorney or public defender being a member of The Florida Bar or a local bar association is too remote and incidental to admit of a holding that his payment of dues is for a public purpose.
Thus, it was concluded in AGO 69-138 that state funds could not be utilized to pay the dues of Supreme Court justices, district court of appeal judges, or circuit judges for membership in The Florida Bar or in local bar associations. Yet another predecessor in office expressly concurred in the above views and concluded in AGO 72-4 that a county judge, required by law to be a member of The Florida Bar and prohibited from engaging in the private practice of law, may not charge his bar dues as an expense of his office.
The enactment of s. 216.345(1) and (2), F.S., in 1974, and the amendment thereto in 1977 which added that portion of s.216.345(2), F.S., emphasized above, was considered by this office in AGO 77-115. The question submitted for opinion asked whether the provisions of s. 216.345, F.S., authorized the payment of The Florida Bar dues for the public defender and his full-time assistant public defenders out of the agency's appropriations. Based upon the provisions of s. 216.345(2) and emphasizing the last sentence thereof, the Attorney General concluded that s.216.345(2) authorized the expenditure of public funds for membership dues to maintain an individual's professional or trade status only when two conditions are met: "first, the state agency which employs the individual must be required to hold a membership and, second, purchase of an individual membership must be more economical, presumably, than an agency membership." Stating that "membership in The Florida Bar is a precondition to the practice of law in the State of Florida," and that "the Legislature intended to exempt from the prohibition of s. 216.345(2), F.S., relating to maintenance of professional or trade status, organizations other than The Florida Bar" since state agencies cannot hold membership in The Florida Bar, the Attorney General opined that s. 216.345 did not authorize payment of Florida Bar dues for the public defender and his full-time assistants from that agency's appropriation.
Finally, my immediate predecessor in office concluded in AGO 84-8 that a state attorney is not authorized by law to pay from appropriations of his office The Florida Bar dues for the state attorney and his assistant state attorneys "[u]ntil judicially or legislatively determined otherwise," relying on the constitutional requirement of s. 1, Art. VII, State Const., which operates to prohibit expenditures except those made pursuant to an appropriation made by law; the general principle that the state attorney has no inherent powers and can exercise only those powers conferred by statute or the Constitution; and the absence of any express or necessarily implied statutory grant of authority or duty permitting or requiring the state attorney to pay the Florida Bar dues for himself or his assistants from appropriations of his office. Moreover, AGO 84-8 particularly notes that a factual determination by the state attorney that "it is necessary and essential for each of my assistants in order to carry on the statutory duties imposed upon us by Chapter 27 of the Florida Statutes to be members of the Florida Bar" is not relevant to a legal determination as to the existence or nonexistence of statutory authority or duty to make such an expenditure. Like my predecessor, I am unable to find any express or implied authority in Ch. 27, F.S., or in any other provision of law for such an expenditure.
You have suggested that AGO 84-9, concluding that s. 216.345, F.S., authorizes payment of membership dues in the Florida Prosecuting Attorneys Association by the State Attorney's Office when such membership is deemed essential by the State Attorney to the statutory duties and responsibilities of the office, is inconsistent with the conclusion reached the same day in AGO 84-8. On the contrary, AGO's 84-8 and 84-9 are consistent with each other and with the conclusions reached in AGO 77-115 as to the distinction between The Florida Bar, which does not accept institutional memberships and in which membership by individual attorneys is a prerequisite to "maintenance of an individual's professional or trade status," and those organizations which permit agency membership but as to which "purchase of an individual membership is more economical."
This office's opinions as to the operation of s. 216.345, F.S., with respect to payment of Florida Bar dues from appropriated funds for state attorneys, public defenders, and their assistants have been a matter of public record for almost ten years, yet the pertinent provisions of s. 216.345 cited in those opinions have remained unamended during that time. I must presume that the Legislature is cognizant of the conclusions reached in these opinions. See, State ex rel. Quigley v. Quigley, 463 So.2d 224
(Fla. 1985); Dickinson v. Davis, 224 So.2d 262 (Fla. 1969) (Legislature presumed cognizant of construction placed on statute). Thus, it appears reasonable to conclude that the Legislature would have amended the pertinent provisions of s.216.345 had it intended that such provisions authorize the payment of dues of The Florida Bar for a state attorney and his assistants from appropriations of the state attorney's office. Accordingly, in the absence of specific statutory authorization for such an expenditure, I am unable to conclude that a state attorney is authorized by law to pay from appropriations of his office the dues of The Florida Bar for himself and his assistant state attorneys.
Finally, to the extent that your inquiry refers to your "certification" that payment of dues of the Florida Bar for the state attorney and his assistants is essential to carry out statutory duties and responsibilities, I note that s. 216.345, F.S., provides for certification only by a professional or other organization that it does not accept institutional memberships for purposes of authorization for payment of dues pursuant to s.216.345(2), F.S. The statute does not refer to or contemplate a "certification" by the head of the agency but rather appears to contemplate a determination by the agency head or the designated agent thereof that the terms of the statute are applicable to a particular factual situation. In this connection, I can only reiterate and reaffirm the comments of my predecessor in office in AGO 84-8 that such a determination is not relevant to the existence or nonexistence of the statutory power or duty to make the questioned expenditure. See also, AGO 71-28 (officer seeking to expend moneys belonging to state must find and point to constitutional or statutory provision authorizing such expenditure).
Therefore, unless and until legislatively or judicially determined otherwise, it is my opinion that a state attorney is not authorized by law to pay from appropriations of his office the dues of The Florida Bar for himself and his assistant state attorneys.
Sincerely,
Robert A. Butterworth Attorney General
Prepared by:
Kent L. Weissinger Assistant Attorney General